JS-6

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO MARQUEZ,<br><br>        Petitioner,<br><br>v.<br><br>N.T. McKINNEY, Warden,<br><br>        Respondent. | Case No. ED CV 22-735 RGK (MRW)<br><br>**ORDER DISMISSING ACTION WITH PREJUDICE** |

The Court summarily denies Petitioner's challenge to the calculation of the date of his release from custody. 28 U.S.C. § 2241.

\* \* \*

1.    Petitioner is an inmate at the federal prison at Victorville. He is currently serving a term of 120 months in custody based on his guilty plea to a federal drug trafficking charge. A district judge in the Western District of Texas imposed this sentence in September 2020 (the Federal Sentence). (Docket # 10-2 at 25-26.)

2.     The district judge specifically ordered that Petitioner's Federal Sentence was to "run concurrent with the state sentence imposed" in a criminal case in a Texas state court. (Id. at 26.) That state assault / car theft case resulted in a six-year prison sentence that the state court imposed in October 2015 (the State Sentence). (Id. at 8-9.)

3.     Petitioner was in state custody serving the State Sentence from early 2015 through early 2020. At that point, he was transferred to federal custody to face the federal drug charges. (Docket # 10-1 at 2-3.) Petitioner returned to state custody in late 2020 to finish the remainder of the State Sentence. (Docket # 10-2 at 22.) Petitioner's State Sentence expired in March 2021. (Id. at 33.)

4.     He was then transferred back to federal custody to continue to serve the Federal Sentence. (Id.) The Bureau of Prisons calculates that Petitioner's Federal Sentence will conclude in late 2028 (assuming that he earns all available good conduct time).[1] (Docket # 10-1 at 2.) The BOP's calculation of the Federal Sentence began on the September 2020 date on which the district court imposed the term. (Id.) Petitioner's State and Federal Sentences appear to have run concurrently (i.e. at the same time) for the period from September 2020 (beginning of Federal Sentence) to March 2021 (end of State Sentence).

5.     Petitioner filed this habeas action to challenge the BOP's calculation of his release date.[2] The gist of Petitioner's claim is that the

---

[1]     The BOP separately awarded Petitioner "Willis" credits for pre-sentence time spent in state custody in 2015 while he was facing the state charges. (Docket # 10 at 5; # 10-1 at 2.) Petitioner does not challenge that favorable determination in this action.

[2]     Petitioner originally filed this action in the Western District of Texas. (Docket # 2.) Petitioner labelled his pleading as a "motion for reduction of sentence [under 18 U.S.C. §] 3582." (Docket # 1 at 1.) The Texas district court construed the action as a habeas petition for "determination of the duration of his sentence" under 28 U.S.C. § 2241" that was cognizable in the district of

Federal Sentence was supposed to "run concurrent with Petitioner's State Sentence" – including the portion that he served before the imposition of the Federal Sentence. For that reason, Petitioner claims that he has not received "credit for time served in the state facility," and he "is serving 5 extra years on his present [Federal] sentence due to not be[ing] granted credit" for the State Sentence served. (Docket # 1 at 1.)

\* \* \*

6. If it "appears from the application that the applicant or person detained is not entitled" to habeas relief, a court may summarily dismiss a habeas action. 28 U.S.C. § 2243; see also Rule 4 of Rules Governing Section 2254 Cases in United States District Courts (petition may be summarily dismissed if petitioner plainly not entitled to relief); Local Civil Rule 72-3.2 (magistrate judge may submit proposed order for summary dismissal to district judge "if it plainly appears from the face of the petition [ ] that the petitioner is not entitled to relief").

\* \* \*

7. Petitioner is not entitled to credit for time served on his State Sentence before the imposition of the Federal Sentence. As the government correctly notes, "a federal sentence cannot begin before the defendant has been sentenced in federal court." Scheinling v. Thomas, 642 F.3d 1242, 1244 (9th Cir. 2011) (emphasis in original).

8. A prisoner is "not eligible" for credit for time "served in state custody discharging his state sentence before he was sentenced in federal court." Id. Directly put, "a federal sentence cannot be 'backdated' so as to commence before the district court imposed the federal sentence." Id.

---

incarceration, and transferred the case to the Central District of California. (Docket # 2 at 1-2.) The government does not dispute this characterization. The government answered the petition on the merits, and expressly agreed that Petitioner's action is a habeas petition under Section 2241. (Docket # 10 at 1.)

at 1248; see also Trine v. Salazar, 770 F. App'x 874 (9th Cir. 2019) (federal sentence "to be served concurrently with his previously imposed state sentences" began on date of federal sentencing, and "cannot be backdated prior to its commencement"). Rather, "concurrency" of a federal sentence – that is, the simultaneous running with a state sentence – can only occur "from the date of imposition forward" and "applies only prospectively." Schleining, 642 F.3d at 1248 n.8; Pena v. Matevousian, 2019 WL 2339328 at *2 (E.D. Cal. 2019) (same).

9. It is clear that Petitioner's State and Federal Sentences ran concurrently for the period that they overlapped after the beginning of the federal term. This apparently included the time during which Petitioner was physically sitting in state custody until the expiration of the state term. (Docket # 10-1 at 2.) That fulfills the direction of the Texas district judge who ordered the sentences to run concurrently.

10. Petitioner's request is that BOP deem the Federal Sentence to have begun in 2015 – long before the Texas court imposed the sentence in 2020 – and run for the entirety of the State Sentence. Schleining, 642 F.3d at 1248 n.8. However, neither the Texas district judge nor the BOP had the authority to "backdate" Petitioner's Federal Sentence to the time of the original imposition of his State Sentence. Id. at 1244; Trine, 770 F. App'x at 874. Petitioner's request for recalculation of his release date is without merit.

11. The petition must be denied and the action dismissed with prejudice.[3]

IT IS SO ORDERED.

Dated: 8/5/2022

_____
HON. R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE

Presented by:

_____
HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE

---

[3] In his brief reply submission, Petitioner makes a cursory claim for credit based on the Third Circuit's decision in Barden v. Keohane, 921 F.2d 476 (3rd Cir. 1991). That decision discussed the BOP's discretionary authority to designate nunc pro tunc an inmate's state prison as the place for service of an unexpired federal sentence. This situation typically occurs (as in Barden when an inmate is sentenced first on a federal charge, and then on a state charge after a later return to state custody (which can stop the federal service "clock). The facts of Petitioner's claim do not align with the Barden situation at all. Nevertheless, because it does not appear that Petitioner made such a request to the BOP, the Court's dismissal does not reach any such future claim.